**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Stratesphere LLC,** *et al.***,**

           **Plaintiffs,**                    **Case No. 2:20-cv-2972**

           **v.**                           **Judge Michael H. Watson**

**Kognetics Inc.,**                      **Magistrate Judge Vascura**

           **Defendant.**

**<u>OPINION AND ORDER</u>**

Stratesphere, LLC, Kognetics Holding Company LLC, and Kognetics LLC (collectively, "Plaintiffs")[1] move for reconsideration of the Court's March 2023 Opinion and Order (the "O&O"), or in the alternative to certify a question to the Supreme Court of Ohio.  ECF No. 153.  For the following reasons, the motion is **DENIED**.

Plaintiffs request oral argument on their motion.  ECF No. 153.  Kognetics Inc., Inderpreet Thukral, and Rajeev Vaid (collectively, "Defendants") move for leave to file a sur-reply.  ECF No. 157.  Both requests are **DENIED**; the Court can assess Plaintiffs' arguments without the assistance of oral argument or a sur-reply.

---

[1] Again, the Court recognizes that labelling these parties as "Plaintiffs" and "Defendants" (rather than "Plaintiffs/Counterclaim-Defendants" and "Defendants/Counterclaim-Plaintiffs") is somewhat over-simplified.  However, for the sake of readability, the Court will use the shorter labels.

## I.    BACKGROUND

This case arises out of a business relationship between the parties.  O&O 1–3, ECF No. 152.  Defendants developed a software platform that used artificial intelligence to analyze mergers, acquisitions, and other investment opportunities (the "Software").  *Id.*  In the summer of 2018, the parties negotiated and entered into an agreement which provided for the sale of the Software to Stratesphere, LLC.  *Id.*  The parties' relationship soured and, eventually, Plaintiffs filed this lawsuit, asserting several claims against Defendants.  *See, e.g.*, Compl., ECF No. 4.  Defendants also assert multiple counterclaims against Plaintiffs.  *See, e.g.*, Ans., ECF No. 6.

The parties moved for summary judgment on several claims and counterclaims.  ECF Nos. 140 & 143.  The O&O addressed only the fraudulent inducement claim.  O&O, ECF No. 152.  The Court concluded that there was no genuine dispute of material fact as to any element of Defendants' fraudulent inducement claim and, therefore, the Court granted summary judgment to Defendants on that claim.  *Id.*  Defendants had indicated that, if they were successful on the fraudulent inducement claim, they would seek to rescind the parties' contract.  *Id.*  Thus, the Court concluded it would be prudent to see if Defendants still sought recission before the Court addressed the contract-based claims.  *Id.*  The Court scheduled a teleconference with the parties to discuss next steps; a few days before that conference, Plaintiffs moved the Court to

reconsider the O&O or, in the alternative, to certify a question to the Supreme Court of Ohio. *Id.*; ECF No. 153.

## II. MOTION FOR RECONSIDERATION

Under Federal Rule of Civil Procedure 54(b), courts may reconsider an interlocutory order at any time prior to entry of final judgment. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Reconsideration of an interlocutory order is appropriate where there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.,* 590 F.3d 381, 389 (6th Cir. 2009) (internal quotation marks and citations omitted). Motions for reconsideration are "not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Premier Dealer Servs., Inc. v. Allegiance Adm'rs, LLC*, No. 2:18-CV-735, 2022 WL 1166231, at *1 (S.D. Ohio Apr. 20, 2022) (internal citations marks and citations omitted). "Generally, a manifest injustice or a clear error of law requires unique circumstances, such as injunctive relief scenarios or superseding factual scenarios." *McWhorter v. ELSEA, Inc.,* No. 2:00-cv-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citing cases).

Federal Rule of Civil Procedure 59(e) "enables a district court to 'rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dep't of*

*Emp't Sec.*, 455 U.S. 445, 450 (1982)).  To grant a motion filed under Rule 59(e), there must be "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks and citation omitted).

Plaintiffs argue that reconsideration is warranted due to a need to correct a clear error or prevent manifest injustice.[2]

Working backwards, there is no need to prevent manifest injustice here. Plaintiffs' motion does little more than rehash the issues presented on summary judgment.  Plaintiffs cannot use a motion under Rule 54(b) or 59(e) as an opportunity to re-litigate arguments that could have been—or actually were— raised earlier.  *Premier Dealer Servs., Inc.*, 2022 WL 1166231, at *1 (citation omitted).  There is no "manifest injustice" in declining to give Plaintiffs a second bite at the apple.  *Cf. McGrew v. Zaring Homes, Inc.*, 78 F.3d 584 (Table) (6th Cir. 1996) ("The district court was not required to give [the plaintiff] a second 'bite at the apple' and grant the motion for reconsideration.").  Thus, there is no "manifest injustice" that would warrant reconsideration here.

---

[2] To whatever extent Plaintiffs argue that reconsideration is warranted due to new evidence—namely, the documents attached to Plaintiffs' reply (the "Documents")—that argument is unavailing.  "New evidence" is evidence that was not previously available or discoverable.  *See CGH Transport, Inc. v. Quebecor World, Inc.*, 261 Fed. App'x 817, 823 (6th Cir. 2008); *cf. Louisville/Jefferson Cty. Metro Gov't*, 590 F.3d at 389.  Here, Plaintiffs represent that the Documents date from March 2018 and were produced in discovery.  Reply 8, ECF No. 156.  Thus, the Court sees no reason Plaintiffs could not have presented the Documents on summary judgment and, therefore, reconsideration based on newly discovered evidence is unwarranted.

Plaintiffs' arguments that the Court committed clear error are likewise unavailing.  The main thrust of their argument is, essentially, that the Court misinterpreted or misapplied the relevant caselaw in the O&O and that a correct interpretation would have resulted in a different—and more Plaintiffs-friendly— outcome.  However, at bottom, this "clear error" argument simply repackages Plaintiffs' arguments on summary judgment and is better directed in an appeal as opposed to a motion for reconsideration.  As just explained, "[m]otions for reconsideration are not intended to re-litigate issues previously considered by the Court."  *Premier Dealer Servs., Inc.*, 2022 WL 1166231, at *1 (internal quotation marks and citations omitted).  In sum, Plaintiffs have not demonstrated that the Court committed clear error in the O&O.  Nor, after its own reflection, does the Court find any such error.

For these reasons, the motion for reconsideration is **DENIED**.

### III.  MOTION TO CERTIFY A QUESTION TO THE SUPREME COURT OF OHIO

Plaintiffs move to certify the following question to the Supreme Court of Ohio: Does a contractual reliance disclaimer preclude a party from claiming justifiable reliance on alleged representations not included in the contract?

The Supreme Court of Ohio provides in its Rule of Practice 9.01 that it "may answer a question of law certified to it by a court of the United States."  The Rule "is invoked if the certifying court, in a proceeding before it, issues a certification order finding there is a question of Ohio law that may be

determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court." Ohio S.Ct.Prac.R. 9.01. Whether to certify a question to a state court "rests in the sound discretion of the federal court." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). "Certification is most appropriate when the question is new and state law is unsettled, but the federal courts generally will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks." *City of Columbus, Ohio v. Hotels.com L.P.*, 693 F.3d 642, 654 (6th Cir. 2012) (question marks and citation omitted). Further, "certification is disfavored where a plaintiff files in federal court and then, after an unfavorable judgment, seeks refuge in a state forum." *Id*. (cleaned up).

Here, Plaintiffs request certification for the first time after receiving the Court's decision on summary judgment. In doing so, Plaintiffs seek "another bite at the apple, which is not the function of the certification process*." Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 713 (S.D. Ohio 2013). The appropriate time for Plaintiffs to seek certification was "before a District Court resolves the issue, not after receiving an unfavorable ruling." *Geronimo v. Caterpillar, Inc*., 440 F. App'x 442, 449 (6th Cir. 2011) (internal citations and quotations omitted). Thus, Plaintiffs should have submitted their questions for certification at a previous stage in the case, and the motion is not now well taken. Accordingly, the motion to certify a question to the Supreme Court of Ohio is **DENIED**.

## IV.    CONCLUSION

For these reasons, Plaintiffs' motion is **DENIED**; Defendants' motion to file

a sur-reply is **DENIED**.  The parties are **ORDERED** to appear for a

teleconference at 10:30 a.m. on May 11, 2023.

The Clerk shall terminate ECF Nos. 153 and 157.

**IT IS SO ORDERED.**

    ___*/s/ Michael H. Watson*_____
    **MICHAEL H. WATSON, JUDGE**
    **UNITED STATES DISTRICT COURT**